## 9583

### STATE v. PERRY *ET AL.*

(91 S. E. 300.)

1. CRIMINAL LAW—ADMISSIONS OR CONFESSIONS—TESTIMONY AT CORONER'S INQUEST.—Testimony of one when examined before a coroner's jury cannot be used against him on a subsequent prosecution for the homicide, as this would be to require him to furnish testimony against himself; any admission or confession in such testimony not being free and voluntary.
2. CRIMINAL LAW—HARMLESS ERROR—ADMISSION OF EVIDENCE.—Error in admission against defendant in homicide of his testimony at the coroner's inquest is not harmless because of evidence of a similar declaration by him elsewhere.

Before MAULDIN, J., Sumter, November, 1915. Reversed.

Lorenza Perry, Jr., being indicted, with another, for murder, and convicted, appeals.

*Mr. John H. Clifton,* for appellant.

*Mr. L. D. Jennings,* for respondent.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

19—S.C.—106

The defendant was indicted and convicted of murder with a recommendation to mercy before his Honor, Judge Mauldin, and a jury, at the November term of Court, 1915. After sentence, the defendant appeals, and by 18 exceptions imputes error on the part of his Honor. At the hearing in this Court, exception 3 was abandoned. Exceptions 5 and 10 raise the same question.

Exception 5 is:

His Honor erred in allowing the witness, J. B. Britton, when first on the stand, to testify as to a statement made by the defendant, Perry, after he had been sworn and examined at the coroner's inquest, as to when he had gone to bed on the night of the killing, in that, if permissible at all, the coroner's testimony would have been the best evidence, and further that the defendant being charged that any statement made under oath by him was not voluntary and could not be used against him.

Exception 10 is:

That his Honor erred in permitting the State to cross-examine the defendant, Perry, over the objection of defendant's counsel, as to what he had said before the coroner, under oath, he being subsequently charged by the coroner's jury, his testimony there having not been free and voluntary, but he having been called and put under oath and made to testify.

These exceptions must be sustained under the authority of *State* v. *Senn,* 32 S. C. 392, 402, 11 S. E. 292, 1, 2 and *State* v. *Tapp,* 105 S. C. 54, 89 S. E. 394 (Sept. 26, 1916). In the latter case, Chief Justice Gary, in his opinion, says:

"The first exception, assigning the admission of this testimony as error, must be sustained under the authority of *State* v. *Senn,* 32 S. C. 392, 402, 11 S. E. 292, 297. In that case, Justice McIver, speaking for the majority of the Court, said: 'It is essential to the admissibility of the admissions or confessions of a party charged with crime that

they should be free and voluntary. Now, when a person, though not at the time charged, or even suspected, of the crime, is summoned before a coroner's inquest and compelled to testify (for the law does compel persons so summoned to testify), I do not see how such testimony can be regarded as such a free and voluntary statement as would justify receiving it in evidence, when the person so testifying is afterwards charged with the crime. It is true that, when examined as a witness, he may decline to make any statement tending to incriminate himself, but the moment he does so he at once excites suspicion of his guilt, or he may not know at the time what effect his testimony may afterwards have. It seems to me, therefore, that the only way to preserve in its integrity the well-settled rule that a person cannot be required to furnish testimony against himself, is to hold that, if examined before a coroner's jury or a committing magistrate, the testimony which he is then required to give cannot be used against him in a prosecution subsequently brought against him.'

"The State contends that the error was harmless, because the State proved substantially the same declarations made by the defendants to other witnesses before they were examined at the inquest. While such declarations made to others, freely and voluntarily, before or after examination at the inquest, are admissible, we cannot say that the error was not prejudicial, because the jury may have given greater weight to that testimony which was taken down in writing, and signed by the defendants under oath, than to their statements preserved only by the memory of witnesses. Besides, their statements as testified to by the State's witnesses were not precisely the same as those made under oath at the inquest. There are differences which might have appeared to the jury as material; especially as the State relied on circumstantial evidence in part to secure a conviction."

There must be a new trial on these exceptions, and it is unnecessary to consider the other exceptions.

Judgment reversed, and case remanded. for a new trial.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur in the opinion of the Court. MR. JUSTICE HYDRICK did not participate in the consideration of this case.